# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:14-cr-123-T-36MAP

JAMES LEE COBB, III
_____/

## **O R D E R**

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Mark A. Pizzo on April 18, 2017, (Doc. 300). In the Report and Recommendation, Magistrate Judge Pizzo recommends that the Defendant's Motion for Return of Property (Doc. 299) be granted to the extent that the Government be directed to return the clothes and shoes to the Defendant or Defendant's representative and denied in all other respects. All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). The Defendant, James Lee Cobb, III filed his Opposition to the Magistrate's Report and Recommendation Pursuant to Second Motion for Return of Property (the "Objection") (Doc. 302). The Government filed its response (Doc. 303), to which Cobb replied (Doc. 304). Upon consideration of the Report and Recommendation, and upon this Court's independent examination of the file, it is determined that the Report and Recommendation should be adopted.

### I. BACKGROUND

On November 6, 2013, a joint task force between the Tampa Police Department and the Internal Revenue Service's Criminal Investigation Unit executed a federal search warrant at Cobb's residence located at 4808 North 43rd St. Tampa, Florida 33610. Doc. 299-1 at ¶ 5. At that time, the task force removed the following property from the residence: a home monitor

surveillance system DVR ("DVR")[1]; twelve cell phones, two Galaxy Notes, five laptops, and a bag of clothing and shoes (collectively the "Property"). *Id*. at ¶¶ 8-9. As of the date of this Order, all of those items remain in the Government's custody. *See id.*

Defendant eventually pleaded guilty to all charges in the superseding indictment in March 2015, without the benefit of a plea agreement. Doc. 134. In June 2015, the Court sentenced Cobb to twenty-seven years imprisonment. Doc. 175. The judgment entered against Cobb includes a $1,820,759 forfeiture money judgment and orders him to pay an equal amount in restitution. Doc. 178. The forfeiture allegations of the superseding indictment do not include the Property. The items have not been forfeited and the Government represents that it does not intend to forfeit them.

Cobb appealed his judgment and sentence and the appellate court affirmed. *See United States v. Cobb*, 842 F.3d 1213, 1215 (11th Cir. 2016). Doc. 288. He now seeks return of the Property. Cobb argues that the Government lacked probable cause to seize the items in the first place, and that it has no viable reason to continue to possess any of the Property, and specifically the DVR since it lacks evidentiary value. The Government contends that it is retaining the Property as potential evidence in the event Cobb pursues a civil case pursuant to 28 U.S.C. § 2255 or until the time for him to do so elapses. But the Government stipulates that it is ready to release the bag of clothing and shoes.

## II. LEGAL STANDARD

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3). With regard to those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review.

---

[1] Cobb references the DVR as "Item 1" throughout his pleadings.

*See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Crim. P. 59(b)(3). The district judge may also receive further evidence or resubmit the matter to the magistrate judge with further instructions. *Id*.

## III. DISCUSSION

Rule 41(g) provides:

> Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district court where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must then return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed.R.Crim.P. 41(g).

"When an owner invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity." *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). *See also United States v. Watkins*, 210 Fed. Appx 891, 894 (11th Cir. 2006). To invoke Rule 41(g), the movant must first show that he had a possessory interest in the seized property. *Id*. Second, "in order for a district court to grant a Rule 41(g) motion, the owner of the property must have clean hands." *Id*. (citation omitted). "The unclean hands doctrine proscribes equitable relief when, but only when, an individual's misconduct has 'immediate and necessary relation to the equity that he seeks.' The doctrine might apply, for example, if a felon requests the return or transfer of property used in furtherance of his offense." *Henderson v. U.S.*, 135 S. Ct. 1780, 1783 (2015) (internal citation omitted). *See also United States v. Garcon*, 406 Fed. Appx 366, 369 (11th Cir. 2010) (stating that courts can deny Rule 41(g) motions if "the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues.").

Nonetheless, "if the government wishes to retain the property, it must have and state a legitimate reason for doing so." *Garcon,* 406 Fed. Appx at 369 (citing *United States v. Potes Ramirez,* 260 F.3d 1310, 1314 (11th Cir. 2001)).

In his Objection and reply, Cobb argues that the Government did not demonstrate probable cause to seize the items at the time of the execution of the search warrant. The Court will not revisit the probable cause inquiry regarding the seizure of the items on this Motion as it is not the proper vehicle to do so.² *See U.S. v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004) ("The proper office of a Rule 41(g), motion is, before any forfeiture proceedings have been initiated, or before any criminal charges have been filed, to seek the return of property seized without probable cause, or property held an unreasonable length of time without the institution of proceedings that would justify the seizure and retention of the property."). Cobb also references an inventory list from a matter with the case number "8:13-mj-1735-map³" and he requests that the Court compel the Government to provide him with a copy. The Court is unable to locate a matter with that case number and none is referenced in this case's docket.

Cobb argues that the Government has not demonstrated that it has a continued interest in the information on the DVR. But he references in his pleadings testimony which supports the Government's need for the DVR. Specifically, at a hearing before this Court, there is testimony that the DVR has content relevant to the case, namely video images of individuals entering and

---

² Although Cobb did not move to suppress the evidence, he waived the right to do so upon entering his guilty plea. *See U.S. v. Byrd*, 166 Fed. Appx. 460, 461–62 (11th Cir. 2006) ("By entering a voluntary unconditional guilty plea, a defendant 'waives all nonjurisdictional defects in the proceedings.' A district court's refusal to suppress evidence is nonjurisdictional and is waived by a guilty plea.") (quoting *United States v. McCoy*, 477 F.2d 550, 551 (5th Cir. 1973)).
³ The Clerk originally assigned the case number 8:14-mj-01597-TBM (U.S. v. Eneshia Carlyle) to this case.

4

exiting the house and Mr. Cobb bringing a laptop into the home. Doc. 304 at 2 (citing Doc. 223[4] at 6:12-19).

Defendant also requests an evidentiary hearing. But the Court finds no reason to conduct one because no material factual disputes exist. The Court is required to "receive evidence…to decide the motion;" *U.S. v. Melquiades*, 394 Fed. Appx. 578, 580 (11th Cir. 2010); and to set an "evidentiary hearing [] not [] as a matter of course, but only if the motion alleges facts that, if proved, would require the grant of relief." *Id*. at 582. *See also Howell,* 425 F.3d at 974. In this case, the Government submitted an affidavit from special agent Glenn Hayag (the "Hayag Affidavit") (Doc. 299-1). Cobb has not submitted any evidence to contradict Hayag's Affidavit or to create a material issue of fact.

There is no dispute that Cobb is the record owner of the Property. *See Howell,* 425 F.3d at 974 (where it was undisputed that the defendant was the record owner of the firearms, district court need not hold an evidentiary hearing on defendant's motion to return them). And the Government readily admits that it has the Property. It has produced a legitimate reason for retaining the Property (except the clothing and shoes as previously noted), namely that it needs it as potential evidence. In general, if the Government seeks to retain property for evidence, it must state a legitimate reason, including that it needs it for evidence in a future proceeding. *See Garcon*, 406 Fed. Appx at 367 (11th Cir. 2010). Once the government's need for the property as evidence ceases, the government shall return such property. *United States v. Dean*, 100 F.3d 19, 20 (5th Cir. 1996). The Government's need for the Property as evidence has not ceased since Cobb may still file a § 2255 civil action related to his criminal case.[5]

---

[4] Transcript of November 20, 2014 hearing.
[5] The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations for filing a § 2255 motion. PL 104–132, April 24, 1996, 110 Stat 1214; 28 U.S.C. § 2255. The statute of limitations runs from the latest of the following trigger dates: the date on which the judgment of conviction becomes final; the date on which the impediment to making a

Further, Cobb has "unclean hands," so equity is not in his favor. He admitted that he engaged in fraudulent activity with personal identifying information found on several of the items taken. *See*, *e.g*., Doc. 134 at 28, 30. The doctrine of unclean hands is an equitable doctrine which allows a court to withhold equitable relief if such relief would encourage or reward illegal activity. *U.S. v. Felici*, 208 F.3d 667, 670–71 (8th Cir. 2000), *abrogated on other grounds by Henderson v. U.S.*, 135 S. Ct. 1780 (2015). Because Cobb's hands are unclean in the sense that he used some of the Property to illegally obtain personal identifying information to commit fraud, he cannot ask the Court to exercise its equitable powers to return those items to him. *See U.S. v. Parlavecchio*, 192 F. Supp. 2d 349, 352 (M.D. Pa. 2002), *aff'd*, 57 Fed. Appx. 917 (3d Cir. 2003) (denying motion for return of property where movant was convicted of bribery which she committed to obtain the property that was the subject of the 41(g) motion).

## IV. CONCLUSION

Cobb's Motion to Return Property will be granted in part only. The Government has demonstrated that it has a legitimate reason to retain the Property. There are no factual disputes before the Court requiring an evidentiary hearing. Therefore, the Court will adopt the Report and Recommendation of the Magistrate Judge in full.

Accordingly, it is now

**ORDERED**:

(1) Defendant James Lee Cobb, III's Objection to the Report and Recommendation (Doc. 302) is **OVERRULED**.

---

motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action ... or the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255 ¶ 6. The Eleventh Circuit issued its mandate affirming the Court's judgment and sentence on February 13, 2017. Doc. 292.

(2) The Report and Recommendation of the Magistrate Judge (Doc. 300) is **adopted, confirmed, and approved** in all respects and is made a part of this Order for all purposes, including appellate review.

(3) Defendant James Lee Cobb, III's Motion to Return Property (Doc. 297) is **GRANTED** to the extent that the Government is directed to return the clothes and shoes to the Defendant or Defendant's representative on or before August 30, 2017. The Motion is **DENIED** in all other respects.

**DONE AND ORDERED** at Tampa, Florida on August 16, 2017.

Charlene Edwards Honeywell
United States District Judge

Copies:
Defendant
United States Attorney
United States Magistrate Judge
United States Marshal Service