UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                  CASE NO: 8:14-cr-123-CEH-MAP

JAMES LEE COBB, III
_____/

**ORDER**

This matter comes before the Court on the Defendant's Petition and Memorandum in Support of Petition for Relief Under the First Step Act and the Coronavirus and Cares Relief Act. Doc. 370. In the motion, Defendant requests that the Court grant a reduction in his sentence due to the ongoing COVID-19 pandemic, coupled with his asthma and heart disease. The Government filed a response in opposition. Doc. 374. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Petition and Memorandum for Relief Under the First Step Act and the Coronavirus and Cares Relief Act.

**I.    BACKGROUND**

Defendant, James Lee Cobb, III, was indicted on April 1, 2014, and a superseding indictment was returned on September 9, 2014. Docs. 1, 37. He pleaded guilty on December 1, 2014 to one count of conspiracy to commit mail and wire fraud, four counts of wire fraud, four counts of aggravated identity theft, and one count of being a felon in possession of firearms and ammunition. Docs. 106, 178. Defendant was sentenced on June 18, 2015 to 324 months' imprisonment, five years of supervised

release, a $1,000.00 special assessment, and restitution of $1,820,759.00. Doc. 178. Cobb is 44 years old and is currently incarcerated at Phoenix FCI in Phoenix, Arizona, and is projected to be released on June 10, 2039.[1] *See* BOP Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed June 28, 2022).

On October 5, 2020, Defendant filed the instant motion for compassionate release and/or home confinement due to the COVID-19 pandemic coupled with his asthma and heart disease. Doc. 370. The Government filed a response in opposition on November 2, 2020. Doc. 374. The Government argues the motion should be denied because Defendant fails to provide an extraordinary and compelling reason to permit his early release from prison or, alternatively, because the factors set forth in § 3553(a) do not weigh in favor of a reduction in sentence. *See* Doc. 374.

## II.   LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

---

[1] At the time he filed his petition for relief, Defendant was incarcerated at Talladega FCI in Talladega, Alabama, and was projected to be released on February 7, 2039. Doc. 374 at 3.

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> >
> > > (i) extraordinary and compelling reasons warrant such a reduction; or
> > >
> > > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> >
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
> >
> > (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under the First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that:

(1) the defendant has either has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf

or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts consider the § 3553(a) factors, as applicable, as part of the analysis.[2] *See* § 3582(c)(1)(A).

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

### III. DISCUSSION

#### A. Administrative Exhaustion

---

[2] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Defendant submitted a request for compassionate release to the warden of his facility on May 21, 2020, and the warden denied his request on June 29, 2020. Doc. 374 at 14. The Court finds that Defendant has exhausted his administrative remedies, and the Government does not argue otherwise. *See* Doc. 374 at 15. The Court turns to the merits of Defendant's claim.

**B.     Home Confinement**

Defendant requests that the Court release him to home confinement, which would permit Defendant to serve the remainder of his sentence at home. Doc. 370 at 7. Once a court imposes a sentence, the Bureau of Prisons is solely responsible for determining an inmate's place of incarceration to serve that sentence. *See Tapia v. United States*, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program...[b]ut decision making authority rests with the BOP."); 18 U.S.C. §3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *United States v. Groover*, 844 F. App'x 185, 188 (11th Cir. 2021) (holding that neither § 3624(c)(2) nor the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") gives the judiciary any authority to grant an inmate's request for home confinement). To the extent Defendant is seeking such relief from the Court, Defendant does not direct the Court to any legal authority that would permit the Court to grant his request to serve out his sentence on home confinement. Thus, this requested relief is denied.

5

## C. Extraordinary and Compelling Reason

Even though administrative exhaustion is satisfied, Defendant's motion fails because Defendant does not establish that extraordinary and compelling reasons exist to support a reduction in his sentence. The sentencing guidelines provide that "extraordinary and compelling reasons exist" for compassionate release when a defendant meets any one of several criteria. Section 1B1.13 identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D). When a defendant meets any one of the categories, the Court may grant compassionate release. *See id.*

Relevant here, a defendant's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when the defendant is: (1) suffering from a terminal illness, i.e., a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A).

Stable, controlled medical conditions do not meet the requirements of U.S.S.G. § 1B1.13 as an extraordinary and compelling reason for a prisoner's compassionate release. *See United States v. Wedgeworth*, 837 F. App'x 738, 739–40 (11th Cir. 2020) (affirming lower court's finding of no extraordinary and compelling reason for a defendant suffering from obesity and chronic hypertension because those conditions

were not terminal and did not substantially limit the prisoner's ability for self-care); *see also United States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021) (finding defendant failed to show his "high cholesterol, high blood pressure, and coronary artery disease" substantially diminished his ability to provide self-care as required by § 1B1.13, where his conditions were found to be "manageable in prison, despite the existence of the COVID-19 pandemic").

Defendant files medical records in support of his claimed conditions. Doc. 370-1. And the Government filed additional medical records under seal. Doc. 377. Review of those records reveals that Defendant is not suffering from any terminal illness or serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment. *See* Docs. 370-1, 377. To the contrary, the bulk of the medical records relate to his asthma and reflect that his asthma is relatively stable, and he is being routinely monitored and treated for this condition. *See. e.g.,* Docs. 370-1, 377; *see also* Doc. 370-1 at 1 ("asthma appears stable and under good control"); Doc. 377 at 20. Asthma is not a terminal illness, and Defendant has not provided any documentation that either his asthma or heart disease is a serious medical condition that substantially diminishes his ability to care for himself in prison. Doc. 374 at 18–19. Thus, Defendant's medical conditions do not support a finding of compelling and extraordinary reasons that warrant a reduction in sentence.

Defendant claims that the COVID-19 pandemic, coupled with his medical conditions, establishes "other reasons" supporting release. The fourth factor, which courts interpret as a catch-all provision, provides that, "[a]s determined by the Director

7

of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D). As a preliminary matter, the Eleventh Circuit recently held that "the confluence of [a prisoner's] medical conditions and COVID-19" did not constitute an extraordinary and compelling reason warranting compassionate release where the prisoner's medical conditions did not meet § 1B1.13's criteria. *United States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021); *see United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (holding "the mere existence of COVID-19 and the possibility it may spread to a particular prison" is not an extraordinary and compelling reason for compassionate release).

In accordance with the Eleventh Circuit's opinion in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), this Court declines to find that the pandemic, coupled with health conditions, constitute an extraordinary and compelling reason under the catch-all "other" reasons category. *Id.* at 1263–65 (holding that the language "[a]s determined by the Director of Bureau of Prisons" contained within the catch-all provision precludes district courts from finding extraordinary and compelling reasons beyond those specified by the Sentencing Commission in Section 1B1.13).

In response to Defendant's argument that the Bureau of Prisons is not effectively managing the pandemic, the Court notes that Phoenix FCI is actively vaccinating its inmates and staff and currently has only fourteen inmates and five staff members who are COVID-positive. *See* https://www.bop.gov/coronavirus/ (last accessed June 28, 2022).

D. **Section 3553(a) Factors**

"When denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public." *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). The Court finds above that no extraordinary and compelling reason exists to support a reduction in sentence, and thus, an analysis of the § 3553(a) factors is not warranted. But, even considering the § 3553(a) factors, the Court cannot find that they weigh in favor of a reduction in sentence given the financial losses caused by Defendant's actions and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. Defendant defrauded his victims by conspiring to use over 7,000 stolen names, dates of birth, and Social Security numbers to file false tax returns and open pre-paid debit cards. Doc. 374 at 21–22. He and his co-conspirators claimed approximately three million dollars in fraudulent tax refunds, and the losses accruing from Defendant's scheme totaled $5,613,649.00. *Id.* at 22. Moreover, Defendant has a history of narcotic- and firearm-related convictions and was consequentially sentenced as an armed career criminal in this action. *Id.* Thus, consideration of the § 3553(a) factors counsel against a reduction in Defendant's sentence.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Petition and Memorandum in Support of Petition for Relief Under the First Step Act and the Coronavirus and Cares Relief Act (Doc. 370) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on June 28, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
James Lee Cobb, III, *pro se*
Counsel of Record